**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,**

v.

**MARYLAND CASUALTY COMPANY, Appellee.**

Court of Appeals of Kentucky.

May 3, 1963.

J. K. Wells, Paintsville, for appellant.

C. Kilmer Combs, Ashland, Paul E. Hayes, Prestonsburg, for appellee.

CULLEN, Commissioner.

Big Sandy Realty Company sued Stansifer Motor Company and obtained an attachment. United States Fidelity & Guaranty Company was surety on the attachment bond. The motor company executed a forthcoming bond and retained possession of the attached property. Maryland Casualty Company was surety on the forthcoming bond. Judgment on the merits of the principal action went for the defendant and the judgment specifically discharged the attachment and the forthcoming bond. The realty company appealed but did not supersede the judgment. This Court affirmed the judgment, after the appeal had pended for two years.

On the theory that the forthcoming bond had been kept in force by virtue of the appeal notwithstanding the lack of a supersedeas, Maryland Casualty Company sued U. S. F. & G. to recover the premiums claimed to have accrued on the forthcoming bond during the two years the appeal was pending. Judgment for these premiums, in the amount of some $1200, was entered, and the present appeal is by U. S. F. & G. from that judgment.

Under the statute, KRS 425.475, the entry of judgment for the defendant in the principal action operated to discharge

**456**

the attachment. The taking of an appeal from the judgment, without supersedeas, did not suspend the operation of the judgment as a discharge of the attachment. Stephens v. Willis, 21 K.L.R. 170, 51 S.W. 9; Hey v. Harding, 25 K.L.R. 1454, 78 S.W. 136; Annotation, 115 A.L.R. 598. Upon the attachment's being discharged the attached property ceased to be under control of the court and the defendant no longer was under any obligation to produce the property. Therefore, and necessarily, the forthcoming bond was dissolved when the attachment was discharged, and since the taking of the appeal did not suspend the discharge of the attachment it could not suspend the dissolution of the forthcoming bond.

The judgment is reversed with directions to enter judgment for the defendant.